UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

SHAUN EVANS,

           Plaintiff,

    -against-

DEPARTMENT OF CORRECTION;
CORRECTION OFFICER DOMMICK,

           Defendants.

----------------------------------------X

**ORDER**
06-CV-541 (JG)

John Gleeson, United States District Judge:

    Plaintiff, a prisoner at Rikers Island Correctional Facility, brings this action *pro se* pursuant to 28 U.S.C. § 1983. Plaintiff alleges that on October 20, 2005, Correction Officer Dommick hit him on his mouth with a "walkie talkie" and spilled hot coffee on his arm. Complaint, Statement of Claim ¶ IV. Plaintiff further alleges as a result of the assault he suffered physical injuries.

    By order dated November 30, 2005, the United States District Court for the Southern District of New York transferred the instant action to this Court. However, plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 cannot be granted until the authorization required under the Prison Litigation Reform Act of 1995 ("PLRA") is submitted.[1]

    The PLRA amended the *in forma pauperis* statute to require a prisoner bringing a civil action to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). Unless the filing fee is paid in full at the time the complaint is filed, a prisoner must submit a certified copy of their

---

[1] An Authorization Form is attached to this order for plaintiff's convenience. Plaintiff must complete the form and return it to the Court.

prisoner account statement from which an initial partial filing fee is calculated and assessed. Thereafter the Court shall assess and collect monthly payments until the balance of the filing fee is paid. 28 U.S.C. § 1915(b)(2).

The Second Circuit has held that the court "must take steps to assure compliance with the fee requirements of the PLRA." Leonard v. Lacy, 88 F.3d 181, 182 (2d Cir. 1996). This Court assures compliance with the PLRA by requiring prisoners to sign an authorization which directs their custodian to release information, and to calculate and disburse funds from their prison account. The Clerk's Office provides this authorization form as part of the *in forma pauperis* application. In this case, plaintiff did not submit the required PLRA authorization to the Court.

Therefore, plaintiff has thirty (30) days from the date of this order to complete and return the attached authorization. If plaintiff does not complete and return the PLRA authorization, the complaint shall be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/John Gleeson
JOHN GLEESON
United States District Judge

Dated:
Brooklyn, New York